FREDERICK W. GRUENWALD, JR., Plaintiff, v. AMERICAN RAILWAY EXPRESS COMPANY, INC., Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, March 3, 1925.

Carriers — damages to goods in transit — plaintiff shipped oil painting under contract by which carrier was discharged from all liability for damage unless such damage be proved to have been caused by negligence of carrier — verdict against defendant carrier set aside where evidence fails to show that damage to painting was caused through negligence of defendant.

A verdict for the plaintiff in an action to recover for damages occasioned to an oil painting while in transportation, by reason of defendant's negligence, must be set aside and the complaint dismissed, since it appears that the painting was shipped under a contract by which the carrier was discharged from all liability for damage to said property from any cause whatever unless such damage should be proved to have been caused by the negligence of the carrier, its agents or employees, and there is no proof of any act of the defendant, its agents or employees which would warrant a finding of negligence.

MOTION by defendant to set aside verdict for plaintiff.

*Aaron Honig*, for the plaintiff.

*Charles C. Evans*, for the defendant.

GENUNG, J. The plaintiff claims the sum of $700, being the amount of damage to an oil painting while in transportation from New York to St. Louis, the complaint alleging that the damages occurred "by reason of the negligence and carelessness of the defendant, its servants, agents, or employees."

The answer, besides a denial, pleads a special contract in writing. Upon the trial it appeared that the contract contained the following

clause: " The shipper of said property hereby releases and discharges the said express company from all liability for the delay or loss of, or damage or injury of, said property from any cause whatever, unless any such delay, loss, damage, or injury shall be proved to have been caused by the express company or by the negligence of its agents and employees.   *   *   * "

The jury found a verdict in favor of the plaintiff in the sum of $250.   The defendant moved to set aside the verdict.   The motion should be granted.

Where there is an express contract, the terms of the contract control, since both the bailor and bailee are entitled to impose on each other any terms they respectively may choose, and their express agreement will prevail against a general principle applicable in the absence of such an agreement.   Usually the plaintiff, in an action such as this, sustains the burden of proof by showing the delivery to the carrier in a proper condition, and by showing the delivery by the carrier in a damaged condition.

From these facts, the loss generally raises a presumption that the damage occurred through the fault of the carrier.   In the instant case, however, the parties have agreed that the carrier shall not be liable unless it is *proved* that the damage was occasioned by the negligence of the defendant.   By that clause they agreed to abrogate the common-law presumption, and the shipper assumed the burden of proving by evidence, rather than by presumption, that the damage was caused through the negligence of the defendant. In the case at bar there is no proof of any act of the defendant which would charge the defendant with negligence, and under the provisions of the contract the plaintiff failed to prove a cause of action. (*Merchants & Miners' Trans. Co.* v. *Eichberg*, 109 Md. 211.)   In *New Jersey Steam Navigation Co.* v. *Merchants' Bank* (6 How. [U. S.] 344, 384) the court says: " The respondents having succeeded in restricting their liability as carriers by the special agreement, the burden of proving that the loss was occasioned by the want of due care, or by gross negligence, lies on the libelants, which would be otherwise in the absence of any such restriction."

The further evidence and the proof adduced on the part of the defendant, which was in no wise contradicted, showed conclusively that the loss or damage was not occasioned through any fault or negligence on the part of the defendant, its agents or employees.

The verdict, therefore, is set aside, and the complaint dismissed.